UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUNLIGHT LANDS LLC,

      Plaintiff,

v.                                    Case No:  2:24-cv-00267-JES-KCD

WESTCHESTER  SURPLUS  LINES
INSURANCE COMPANY,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Motion to Confirm Appraisal Award and For Entry of Partial Summary Judgment (Doc. #79) filed on January 19, 2026, by Plaintiff Sunlight Lands, LLC ("Sunlight" or "Plaintiff").  Defendant Westchester Surplus Lines Insurance Company ("Westchester" or "Defendant") filed a Response in Opposition (Doc. #84) on February 23, 2026.  On March 12, 2026, Plaintiff filed a Reply in support of its Motion.  (Doc. #87).  For the reasons set forth below, Plaintiff's motion is denied.

**I.**

The following facts are derived from the parties' statements of material facts, with disputes as noted:

Plaintiff owns land in Cape Coral, Florida ("the Property"), which was insured by Defendant between September 21, 2022, and September 21, 2023, pursuant to a surplus lines insurance policy (the "Policy"). (Doc. #84 at ¶ 17.) During the Policy's term, the Property suffered hurricane-related damage and Plaintiff made a claim of loss to Defendant. (Doc. #84 at ¶ 1.) Defendant inspected the Property three times between December 2022 and February 2023. (Id. at ¶ 3.) On April 25, 2023, Defendant issued payment to Plaintiff totaling $27,955.54. (Id. at ¶ 4.) On July 20, 2023, Plaintiff provided Defendant an estimate of damages prepared by its adjuster, Stellar Public Adjusting Services ("Stellar"), totaling $218,956.14. Plaintiff also invoked the Appraisal provision of the Policy (Doc. #79 at ¶ 4), which provided that if either party disagreed on the value of the property or the amount of loss either party could make a written demand for an appraisal of loss.

Defendant rejected Plaintiff's appraisal demand, asserting that Plaintiff's loss estimate included damage that was neither reported nor observed during its own investigation. Defendant also "requested supporting documents, including repair receipts, technical evaluations and/or replacement receipts." (Doc. #84 at ¶¶ 8-9.) Defendant additionally asserted that Plaintiff had failed

-2-

to appoint a neutral appraiser, as required by the Policy. (Id. at ¶ 9.)

In September 2023, Plaintiff made a second written demand for appraisal. (Doc. #79 at ¶ 6.) According to Defendant, Plaintiff had not answered its prior questions or submitted documentation related to the scope of the loss. (Doc. #84 at ¶ 9.) The parties dispute whether Defendant renewed its request for documentation, but agree that Defendant rejected the appraisal demand as being premature. (Id.)

At some point during the claim adjustment process, Plaintiff had a dispute with its adjuster Stellar, and retained Paradise Building and Renovations, Inv. ("Paradise") as its new adjuster. Paradise submitted a new estimate for damage totaling $124,800, which Defendant received on October 12, 2023. (Id. at ¶ 11.)

On October 25, 2023, Plaintiff filed a Civil Remedy Notice of Insurer Violation ("CRN"), and on November 20, 2023, filed a Notice of Intent to Initiate Litigation ("NOI"). (Id. at ¶¶ 13-16.) On February 4, 2024, Plaintiff filed a Complaint for Breach of Contract and a Petition to Enforce Appraisal in state court, which Defendant removed to Federal Court on March 22, 2024. (Id. at ¶¶ 17-18.)

On May 8, 2024, Plaintiff filed the current operative pleading, a two-count Amended Complaint (Doc. #30) alleging Breach

of Contract (Count I) and Petition to Compel Appraisal (Count II).
Defendant filed an Answer (Doc. #35) on May 21, 2024, asserting
thirteen affirmative defenses, including that Plaintiff failed to
comply with several conditions precedent under the Policy,
including all applicable post-loss duties (Second Affirmative
Defense), and that Plaintiff may have violated the Policy's
Concealment, Misrepresentation, or Fraud provision, (Fifth
Affirmative Defense).

Following two Motions to Compel Arbitration, former
Magistrate Judge Kyle C. Dudek[1] held an evidentiary hearing on
November 19, 2024.  (Doc. #84 at ¶ 24.)  Judge Dudek granted
Plaintiff's Motion to Compel Appraisal[2] and administratively closed
the case pending completion of appraisal.  (Id. at ¶ 25.)  On
December 8, 2025, the appraisal panel submitted a written Appraisal
Award for $137,420.42 Replacement Cost Value ("RCV") and
$130,135.67 Actual Cost Value ("ACV") in covered damages.  (Doc.
#79 at ¶ 15.)

---

[1] Judge Dudek was confirmed and began serving as a United
States District Judge for the Middle District of Florida on
September 11, 2025.

[2] Judge Dudek found that Westchester had not wholly denied
coverage and Sunlight had substantially complied with the post-
loss conditions, so appraisal was appropriate.  (Doc. #69, p. 8.)

Defendant issued payment for the Appraisal Award on January 9, 2026.  The payment totaled $101,680.13 and was calculated as follows:

> Dwelling and Contents Total (ACV): $130,135.67
>
> Less Prior Payment for Dwelling: ($27,955.54)
>
> Less $500 Deductible for Contents: ($500.00)
>
> Net ACV Amount Due:              $101,680.13

(Id. at ¶ 16.)

## II.

In Count I of the Amended Complaint (Doc. #30) Plaintiff alleges in a breach of contract claim that Defendant failed to pay promptly the amounts due under the Policy for its Hurricane Ian losses.  In Count II, Plaintiff asserts a "Petition to Compel Appraisal."  Plaintiff asserts that it had twice invoked the appraisal process as provided in the Policy to determine the value of the property and the amount of the loss, but that Defendant had refused to submit to the appraisal process.  Count II asks the Court to "enter an Order compelling the parties to complete the appraisal process."  (Id. at pp. 4-6.)

In the Motion seeking Confirmation of the Appraisal Award, Plaintiff argues that: (1) it "prevailed in its endeavor to compel appraisal and to recover benefits for covered damages" and that confirmation of the Appraisal Award is necessary; (2) Defendant

"waived all coverage defenses by fully and unconditionally paying the appraisal award" or "abandoned its defenses" when it tendered payment in the amount that the appraisal panel determined; and (3) therefore, the Court should confirm the appraisal and enter a judgment in Plaintiff's favor.  (Doc. #79 at pp. 6, 16-17.)

Defendant responds that confirmation of the Appraisal Award is inappropriate because Defendant neither denied Plaintiff's claim nor its request to participate in appraisal.  Moreover, Defendant asserts that confirmation of the Appraisal Award is premature because, although Defendant promptly paid the Appraisal Award, the Court has not yet ruled on its properly pled affirmative defenses.  (Doc. #84 at pp. 10-11.)

**A.**

In a diversity case, a federal court applies the substantive standards of the forum state. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).  The Court "must decide the case the way it appears the state's highest court would."  Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 362 F.3d 1317, 1318 (11th Cir. 2004) (citation omitted).

"Appraisals are creatures of contract and the subject or scope of appraisal depends on the contract provisions."  Florida Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 490 (Fla. 5th DCA 2014).  "Appraisal exists for a limited purpose -- the determination of

-6-

the amount of the loss." Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc., 117 So. 3d 1226, 1230 (Fla. 3rd DCA 2013). See also Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1025 (Fla. 2002).  Here, the Policy provides that the appraisal will resolve a dispute between the parties regarding the value of the property or the amount of loss.  (Doc. #39-1 at p. 39.) Determination of the amount of loss is not necessarily the same as an insured's entitlement to damages.  Citizens Prop. Ins. Corp., 117 So. 3d at 1230 n.1.

Although the Policy provided that the right to appraisal was triggered when there is a dispute as to the amount of loss, "[a]ll other disputes—including those involving coverage or legal matters—are beyond the scope of appraisal and must be decided in court."  Am. Coastal Ins. Co. v. San Marco Villas Condo. Ass'n, Inc., 379 So. 3d 1099, 1104 (Fla. 2024).  This includes deciding whether the insured "made misrepresentations sufficient to warrant voiding the policy under the fraud-misrepresentation condition. That coverage issue would be for a judge or jury to decide."  Id. "However, the existence of a coverage dispute based on allegations of fraud or material misrepresentations does not preclude a concurrent amount-of-loss issue when the parties also disagree about the amount of damage caused by a covered event."  Id.  A

-7-

trial court has discretion in determining the order in which coverage and amount-of-loss issues are resolved.  Id.

**B.**

Plaintiff argues that confirmation of the Appraisal Award in this case is both necessary and proper.  It is not always necessary, however, to confirm an appraisal award.  For example, in addressing "whether a court should confirm an appraisal award after it has been paid," the Fourth District Court of Appeal held "that there is no need to confirm an appraisal award in circumstances such as those presented here."  See Federated Nat. Ins. Co. v. Esposito, 937 So. 2d 199, 200-01 (Fla. 4th DCA 2006). The circumstances pertinent to the court's decision in that case included the insurer timely participating in the appraisal process and paying the award without need for court intervention.  Id.

Here, the Court finds that a determination of whether the Appraisal Award should be confirmed is necessary.  If confirmed, the amount of loss in Count I has been determined.  If not confirmed, the amount of loss remains a live issue in the case. Nonetheless,

> [t]he division of responsibility between the
> appraisers and court is therefore clear. The
> appraisers determine the amount of the loss,
> which includes calculating the cost of repair
> or replacement of property damaged, and
> ascertaining how much of the damage was caused
> by a covered peril .... [and] [t]he court

> decides whether the policy provides coverage for the peril which inflicted the damage, and for the particular property at issue; in other words, all coverage matters.

Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n, Inc., 125 So.3d 846, 854 (Fla. 4th DCA 2013) (citations omitted).

Defendant has raised two affirmative defenses which present questions related to coverage rather than scope of damages or amount-of-loss appropriate for determination by appraisal. Plaintiff concedes that Defendant's affirmative defenses related to lack of coverage and violation of policy conditions could "potentially qualify" as a permitted challenge to the Appraisal Award. (Doc. #87 at pp. 3-4.) Plaintiff argues, however, that Defendant has not presented sufficient evidence to establish the defenses and that in any event the defenses have been waived or abandoned by payment of the Appraisal Award. The Court finds that these defenses must be resolved to determine whether the Appraisal Award should be confirmed, and that resolution cannot be accomplished pursuant to the instant Motion to Confirm.

Resolution of affirmative defenses is determined not by a motion to confirm the appraisal award, but by summary judgment or trial. Citizens Prop. Ins. Corp., 117 So. 3d at 1230. But summary judgment is inappropriate now because the required discovery process has not begun. See Fed. R. Civ. P. 56(d) (providing for

discovery where a non-movant cannot present facts essential to justify its opposition to the summary judgment motion); Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition.")

Full payment of the Appraisal Award may or may not constitute a waiver or abandonment of defenses or constitute a confession of judgment.  Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 518 F.3d 1302, 1307 (11th Cir. 2008) (noting that the "fact that the plaintiff . . . sought and obtained payment of the initial judgment he was challenging as inadequate [was] not enough by itself to render the appeal moot. . .. Instead, [the court] must look to the most important factor, which is the parties' objective manifestations of intent."); Bryant v. GeoVera Specialty Ins. Co., 271 So. 3d 1013, 1019 (Fla. 4th DCA 2019)("Not all post-suit payments by an insurer will constitute a confession of judgment.") Here, it would be premature to make a final determination prior to completion of the discovery process.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Confirm Appraisal Award and for entry of Partial Summary Judgment (Doc. #79) is **DENIED.**

-10-

    **DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of June 2026.

                                                  JOHN E. STEELE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record